*NOT FOR PUBLICATION*

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

APPELLATE DIVISION

| | |
|---|---|
| EILEEN H. PENNICK, | ) D.C. Civ. App. No. 2006-0060 |
|         Appellant, | ) |
| vs. | ) Super. Ct. Civ. No. 0002/2002 |
| | ) |
| VIRGIN ISLANDS BEHAVORIAL | ) |
| SERVICE, INC., | ) |
|         Appellee. | ) |

On Appeal from the Superior Court of the Virgin Islands
The Honorable Daryl Dean Donohue, Judge Presiding

Considered: September 24, 2010
Filed: February 22, 2012

**BEFORE**: **CURTIS V. GÓMEZ**, Chief Judge, District Court of the Virgin Islands; **RAYMOND L. FINCH**, Senior Sitting Judge, District Court of the Virgin Islands; and **ADAM G. CHRISTIAN**, Judge, Superior Court of the Virgin Islands, Division of St. Thomas and St. John, sitting by designation.

**Attorneys**:

**Rene Dowling, Esq.**
St. Croix, U.S.V.I.
    For the Appellant,

**Samuel Grey, Esq.**
St. Croix, U.S.V.I.
    For the Appellee.

**Per Curiam.**

**MEMORANDUM OPINION**

This appeal arises out of the Superior Court's summary judgment decision dismissing Eileen Pennick's action for wrongful discharge, breach of implied covenant of good faith and fair dealing and intentional infliction of emotional distress. For the reasons cited below, we affirm in part, reverse in part and remand for further proceedings on the Appellant's wrongful discharge claim.

I.  **FACTUAL AND PROCEDURAL POSTURE**

In 2001, Appellee, Virgin Islands Behavorial Services ("VIBS") employed Appellant, Eileen Pennick ("Pennick") as a crisis worker and shift supervisor.[1] Kye Martin ("Martin") worked with Pennick at the Center as a child care worker. (J.A. 60.)

On February 17, 2001, Pennick called Martin's home phone from Pennick's home phone and left an aggressive message on

---

[1] VIBS is a private corporation that contracts with the Government of the Virgin Islands to provide mental health services to young people with mental, emotional and behavioural problems. (J.A. 60.) Pennick was employed at VIBS' Diagnostic and Crisis Stabilization Center ("Center") in Estate Anna's Hope, Christiansted, St. Croix.

*Eileen Pennick v. V.I. Behavorial Services*
D.C. Civ. App. No.: 2006-0060
Memorandum Opinion
Page 3

Martin's answering machine concerning an incident that occurred at work.[2] The next day, Martin played the tape for her supervisor, Shurla Jeffers, a program manager with VIBS. In an affidavit, Jeffers averred that on the message, Pennick told Martin the following:

> When you ask or talk about me, you better get this shit straight, ok? I wasn't on the unit when those children run away, so don't talk my (inaudible) while you're sitting down on your damn cripple ass. Don't fuck with me, Kye, cause I'll knock the shit out of your ass, when you talk about me, you know what you're saying about me, you say it straight. I'm done with your damn fucking lips, fucking ass, ok?

(J.A. 32-33.)

VIBS immediately suspended Pennick with pay.[3] She was advised that her suspension was a result of the message. (J.A. 92.) On March 6, 2001, VIBS terminated Pennick's employment. (*Id.*) On that same date, Pennick signed an Employee Disciplinary Report. The report indicated that VIBS reminded her of its internal problem resolution procedure and the

---

[2] Pennick's message was precipitated by an incident where some of the residents at the center left the facility without permission. (J.A. 60.)

[3] While employed with VIBS, Pennick was given a copy of VIBS' progressive disciplinary policy.

*Eileen Pennick v. V.I. Behavorial Services*
D.C. Civ. App. No.: 2006-0060
Memorandum Opinion
Page 4

availability of appeal. On March 16, 2001, VIBS asked Pennick to return to the workplace to explain her side of the story. She complied, and signed a separate VIBS Report memorializing that she had been afforded an opportunity to provide an explanation for the incident.

VIBS did not rescind Pennick's termination; and on December 31, 2001, Pennick filed a three count civil complaint against VIBS for wrongful termination, breach of implied covenant of good faith and fair dealing and intentional infliction of emotional distress. VIBS answered and later moved for summary judgment. In support of its motion, VIBS included the affidavits of: VIBS program manager, Shurla Jeffers; VIBS executive director, Roland Benjamin; and Kye Martin. The affiants corroborated the content of Pennick's message to Martin.

On March 15, 2006, relying on the pleadings and affidavits, the Superior Court granted summary judgment against Pennick and in favor of VIBS on all counts. On April 10, 2006, Pennick filed a timely notice of appeal.

## II. ISSUES PRESENTED

On appeal, Pennick raises the following issues: 1) whether the Superior Court erred when it concluded that Pennick's phone

*Eileen Pennick v. V.I. Behavorial Services*
D.C. Civ. App. No.: 2006-0060
Memorandum Opinion
Page 5

message was a permissive grounds for discharge under the Virgin Islands Wrongful Discharge Act; and 2) whether the Superior Court erred when it failed to find that genuine issues of material fact existed regarding VIBS' claim for breach of implied covenant of good faith and fair dealing.

### III. JURISDICTION

This Court maintains appellate jurisdiction over all civil appeals arising from the Superior Court prior to January 29, 2007. *See* Revised Organic Act of 1954 23A, 48 U.S.C. § 1613a; Act No. 6730 § 54(d)(1)(Omnibus Justice Act of 2005) *see, e.g., Gabriel Joseph v. People of the V.I.*, 2008 U.S. Dist. LEXIS 107654, at *17 (D.V.I. App. Div. Dec. 9, 2008)(the Appellate Division maintains jurisdiction over all pending appeals filed prior to January 29, 2007); *see also Hypolite v. People*, 2009 WL 152319, at *2 (V.I. Supreme Jan. 21, 2009)(same).

### IV. STANDARD OF REVIEW

The Superior Court's grant of summary judgment is subject to plenary review. *Teamsters Industrial Employees Welfare Fund v. Rolls-Royce Motor Cars, Inc.*, 989 F.2d 132, 135 (3d Cir. 1993); *Turbe v. Gov't of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). Reviewing courts in the Virgin Islands apply

"the same legal standard employed by the [trial] court."[4] *Sealey-Christian v. Sunny Isle Shopping Ctr., Inc.*, 2009 V.I. Supreme LEXIS 45 (V.I. November 23, 2009).

## V. ANALYSIS

Pennick sought relief under three theories: wrongful discharge (count I); breach of covenant of good faith and fair dealing (count II); and intentional infliction of emotional distress (count III).[5] (J.A. 91-94.)

---

[4] A moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "material" only if it might affect the outcome of the suit under governing law. *Id.* To survive summary judgment, the nonmoving party's evidence must amount to more than a scintilla, but may amount to less than a preponderance. *Pickard-Samuel v. Gov't of the V.I.*, 2010 V.I. Supreme LEXIS 19, at *6-7 (V.I. June 24, 2010)(citations and quotations omitted).

[5] On appeal, Pennick narrows her argument to three related issues: 1) the trial court erred, because it relied upon the parties' affidavits; 2) a genuine issue of material fact existed concerning whether VIBS complied with its disciplinary policy and investigative procedure; and 3) Pennick's message to Martin was an improper proper basis for termination. Under our plenary review, however, we are not restricted to the trial court's conclusions or the arguments raised by counsel. *James v. Victoria House, Inc.*, 386 Fed. Appx. 122, 125 (3d Cir. 2010)(citing *U.S. v. Lnu*, 575 F.3d. 298, 305 n.6. (3d Cir. 2009) (A reviewing court may affirm a trial court's ruling for "any

*Eileen Pennick v. V.I. Behavorial Services*
D.C. Civ. App. No.: 2006-0060
Memorandum Opinion
Page 7

### A. Wrongful Discharge

#### 1. Statutory Wrongful Discharge

The Virgin Islands Wrongful Discharge Act, under Title 24, section 76 provides that "unless modified by union contract" an employer may dismiss an employee for nine enumerated reasons. *Id.* Title 24, Section 76 (a)(9) provides that, an employer may terminate an employee "whose conduct is such that it leads to the refusal, reluctance or inability of other employees to work with him [sic]." *Id.* The trial court concluded that Pennick's message to Martin fell within the ambit of proper discharge because Pennick's conduct led to Martin's inability to work with Pennick. (J.A. 5-6.)

However, nowhere in the record did Martin indicate that she refused, was reluctant or unable to work with Pennick. Thus, the trial court clearly inferred this 'fact.' Such an inference is adverse to Pennick (the non-moving party) and contrary to the well-established summary judgment standard.[6] Indeed, none of

---

proper reason that appears on the record" even where not relied on by the trial court).

[6] It is well established that summary judgment compels courts to view the facts in the light **most favorable** to the non-moving party. *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986)(emphasis added); *see also Crow v. All*

*Eileen Pennick v. V.I. Behavorial Services*
D.C. Civ. App. No.: 2006-0060
Memorandum Opinion
Page 8

VIBS' pleadings or affidavits demonstrate that Pennick's message rendered Martin unable or reluctant to work with Pennick as contemplated by 24 V.I.C. § 76(a)(9).

Because the trial court's statutory wrongful discharge determination was unsupported by the record, we reverse the trial court's summary judgment ruling as to count I and remand, with instructions, for further consideration of Pennick's wrongful discharge claim. We, however, render no decision as to the merits or lack thereof, of said claim.

**B. Breach of covenant of good faith and fair dealing.**

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." Restatement (Second) Contracts § 205 (1981). "The duty of good faith limits the parties' ability to act unreasonably in contravention of the other party's reasonable expectations." [7]

---

*American Holding Corp.*, 1988 U.S. Dist. LEXIS 18449 (D.V.I. Jan. 6, 1988)(citing *Continental Ins. Co. v. Bodie*, 682 F.2d 436, 438 (3d Cir. 1982)(in deciding a Rule 56 motion, the court must view all inferences in the light most favorable to the non-moving party)); see also *Hollinger v. Wagner Mining Equip. Co.*, 667 F.2d 402, 405 (3d Cir. 1981)(all doubts and reasonable inferences must be resolved in favor of the non-moving party).

[7] *Smith v. V.I. Port Auth.*, 2005 U.S. Dist. LEXIS 56, 46 V.I. 466, 2005 WL 15459, at *4 (D.V.I. Jan. 2, 2005);("[i]nternal personnel rules can be construed as an implied contract, if

*Eileen Pennick v. V.I. Behavorial Services*
D.C. Civ. App. No.: 2006-0060
Memorandum Opinion
Page 9

*Sterling Nat'l Mortg. Co. v. Mortgage Corner*, 97 F.3d 39, 44 (3d Cir. 1996). A successful claim for breach of the covenant of good faith and fair dealing, requires proof of acts amounting to "fraud or deceit on the part of the employer." *See e.g., Bostic v. AT&T*, 2003 U.S. Dist. LEXIS 25477, at *22 (D.V.I. Apr. 15, 2003).

To prevail on its summary judgment motion, VIBS was required to show that there was no genuine issue of material fact as to Pennick's claim. *Bank of New York v. U.S. Small Business Admin.*, 2009 U.S. Dist. LEXIS 92728, at *6, [WL] (D.V.I. Sept. 30, 2009) (citing *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985)). In support of its motion, VIBS relied on the Employee Disciplinary Reports that Pennick signed, which indicated that: VIBS reminded her of its internal problem resolution procedure and the availability of appeal, and that Pennick had an opportunity to share her side of the story. VIBS

---

there is evidence that the employer intended to be bound by the requirements set forth in those rules" ); *Fraser v. Kmart Corp.*, 2009 U.S. Dist. LEXIS 35253, at *44-45 (D.V.I. Apr. 23, 2009)(citing *Sellitto v. Litton Systems, Inc.*, 881 F.Supp. 932, 936 (D.N.J. 1994)); *see also Smith v. V.I. Water & Power Auth.*, 2008 U.S. Dist. LEXIS 95852 (D.V.I. Nov. 24, 2008)("The implied covenant of good faith and fair dealing applies to at-will employment contracts in the Virgin Islands.").

*Eileen Pennick v. V.I. Behavorial Services*
D.C. Civ. App. No.: 2006-0060
Memorandum Opinion
Page 10

also provided the affidavits of: VIBS program manager, Shurla Jeffers; VIBS executive director, Roland Benjamin; and Kye Martin to show that VIBS acted in good faith when it terminated Pennick. The evidence demonstrates that VIBS met its burden for summary judgment. Once this burden was met, the burden shifted to Pennick, the non-moving party, to establish specific facts showing there indeed was, a genuine issue for trial. *Id.* at *6. However, Pennick's claim under this theory fails, because she failed to meet her shifted burden when she neither alleged nor proffered acts of fraud or deceit on the part of VIBS. As such, we affirm the Superior Court's ruling as to count II.

**C. Intentional infliction of emotional distress.**

An intentional infliction of emotional distress tort is committed when, "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another." Restatement (Second) of Torts § 46.[8]

The Third Circuit Court of Appeals has held that, "it is extremely rare to find conduct in the employment context that

---

[8] In the absence of local laws to the contrary, the Virgin Islands has adopted the rules of common law as expressed in the American Law Institute's restatements of law. V.I. Code Ann. tit. 1, § 4.

*Eileen Pennick v. V.I. Behavorial Services*
D.C. Civ. App. No.: 2006-0060
Memorandum Opinion
Page 11

will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress."[9] *Matczak v. Frankford Candy & Chocolate Co.*, 136 F.3d 933, 940 (3d Cir. 1997). Virgin Islands courts have similarly held that, "while [a] plaintiff may [] experience[] some emotional distress, such feelings are not unusual after an individual is terminated from his employment and are not so severe that a reasonable person would not be expected to endure them." *Crow v. All American Holding Corp.*, 1988 U.S. Dist. LEXIS 18449 (D.V.I. Jan. 6, 1988); *see also Alvarez v. Pueblo International, Inc.*, 24 V.I. 141, 147 (Terr. Ct. 1989)(although there might be disagreement with the decision to fire an employee, an employer's exercise of such discretion "does not rise to the level of conduct so outrageous in character, and so

---

[9] *See Cox v. Keystone Carbon Co.*, 861 F.2d 390 (3d Cir. 1980)(the defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society"). Although the absence of any physical injury is not fatal to a claim for intentional emotional distress where a plaintiff has not suffered physical injury as a result of the defendant's conduct, the conduct must have been sufficiently extreme and outrageous to ensure the genuineness of the claim. *Eddy v. Virgin Islands Water and Power Authority*, 369 F.3d 227, 232 (3d Cir. 2004)(holding that plaintiff must "prove that he suffered severe distress that is not unreasonable, exaggerated, or unjustified"); *see also Heywood v. Cruzan Motors, Inc.*, 792 F.2d 367, 372 (3d Cir. 1986)(same).

extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society"); see, e.g., *Hodge v. Daily News Publ. Co., Inc.*, 2009 V.I. LEXIS 26 (V.I. Super. Ct. Dec. 4, 2009)(outrageous conduct is a very difficult standard to meet in an employment context).

To meet its burden under the summary judgment standard, VIBS directs the Court to the lack of evidentiary support on the record that Pennick's termination was outrageous, extreme or beyond the bounds of human decency. As the Superior Court aptly held, Pennick has not met her shifted burden of showing that her termination was so outrageous as to support a verdict in her favor for intentional infliction of emotional distress. We, therefore, affirm the Superior Court's ruling as to count III.

## VI. CONCLUSION

For the reasons cited above we reverse in part, affirm in part and remand for further consideration. We **REVERSE** the Superior Court's judgment as to count I, wrongful discharge and **REMAND** this case for further proceedings consistent with this opinion. We otherwise **AFFIRM** the Superior Court's judgment as to breach of the implied covenant of good faith and fair dealing

*Eileen Pennick v. V.I. Behavorial Services*
D.C. Civ. App. No.: 2006-0060
Memorandum Opinion
Page 13

(count II); and intentional infliction of emotional distress (count III). An order consistent with this opinion shall follow.